# IN THE SUPREME COURT OF IOWA

No. 17–1087

Filed April 26, 2019

**STATE OF IOWA,**

Appellee,

vs.

**JERRY DARNELL MOSLEY,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Clay County, Carl J. Petersen, Judge.

A defendant appeals the judgment and sentence imposed following his first-degree burglary and assault causing bodily injury convictions. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; CONVICTION AFFIRMED, SENTENCE VACATED, AND CASE REMANDED.**

Mark C. Smith, State Appellate Defender (until withdrawal), and Martha J. Lucey, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, and Kristi Kuester, County Attorney, for appellee.

**PER CURIAM.**

Jerry Mosley appeals his judgment and sentence for first-degree burglary and assault causing bodily injury. He contends (1) the record lacks sufficient evidence to support the jury's finding of guilt on the first-degree burglary charge, (2) his trial attorney was ineffective in failing to object to certain testimony as being outside the scope of the minutes of testimony, (3) the district court should have merged the assault causing bodily injury conviction with the first-degree burglary conviction, and (4) the district court failed to assess his reasonable ability to pay restitution.

We transferred the case to the court of appeals. The court of appeals affirmed Mosley's conviction but remanded the case for resentencing because it found the assault causing bodily injury conviction merged with the first-degree burglary conviction. The court of appeals also affirmed the district court order requiring Mosley to pay restitution for court costs and attorney fees. Mosley asked for further review, which we granted.

On further review, we choose to let the court of appeals decision stand as our final decision regarding his claims that (1) the record lacks sufficient evidence to support the jury's finding of guilt on the first-degree burglary charge, (2) his trial attorney was ineffective in failing to object to certain testimony as being outside the scope of the minutes of testimony, and (3) the district court should have merged the assault causing bodily injury conviction with the first-degree burglary conviction. *See State v. Baker*, ___ N.W.2d ___, ___ (Iowa 2019) ("On further review, we have the discretion to review all or some of the issues raised on appeal or in the application for further review." (quoting *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012))). Therefore, we affirm Mosley's conviction for first-degree

burglary, and agree with the court of appeals that the assault causing bodily injury conviction merged with the first-degree burglary conviction.

As to Mosley's argument that the district court erred in ordering him to pay restitution in the form of court costs and attorney fees without first determining his reasonable ability to pay these items of restitution, we find the restitution part of his sentence should be vacated. In *State v. Albright*, ___ N.W.2d ___, ___ (Iowa 2019), filed after the court of appeals decision in this case, we held that certain items of restitution are subject to a reasonable-ability-to-pay determination. *See also* Iowa Code § 910.2(1) (2019). We also clarified that a plan of restitution is not complete until the sentencing court issues the final restitution order. *Albright*, ___ N.W.2d at ___. Finally, we emphasized that a final restitution order must take into account the offender's reasonable ability to pay certain items of restitution. *Id.*

Here, the district court did not have the benefit of the procedures outlined in *Albright* when it entered its order regarding restitution of court costs and attorney fees. Accordingly, we must vacate that part of the sentencing order regarding restitution and remand the case back to the district court.

On remand, the district court shall resentence Mosley after merging the assault causing bodily injury conviction with the first-degree burglary conviction. Additionally, the court shall resentence Mosley regarding his restitution obligation and impose restitution consistent with our decision in *Albright*.

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; CONVICTION AFFIRMED, SENTENCE VACATED, AND CASE REMANDED.**

All justices concur except McDonald, J., who takes no part.

This opinion shall not be published.